IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMILLE JOHNSON, individually, ) <br> CANDIE JOHNSON and RANDY ) <br> FARLEY, individually and as parents ) <br> of CAMILLE JOHNSON, ) <br> ) <br>               Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE GARY E. MILLER CANADIAN ) <br> COUNTY CHILDREN'S JUVENILE ) <br> JUSTICE CENTER, THE CANADIAN ) <br> COUNTY EDUCATION CENTER, ) <br> ESTATE OF ROBERT ROBERSON,[1] ) <br> and JOHNNIE WALTERS, in his ) <br> official and individual capacities, ) <br> ) <br>               Defendants. ) | Case No. CIV-09-533-L |

## **O R D E R**

Plaintiff Camille Johnson and her parents Candie Johnson and Randy Farley bring this action alleging federal claims for relief under 42 U.S.C. § 1983 and Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX") and state law claims for negligence and outrage. Plaintiffs' claims arise from the alleged sexual abuse of plaintiff Camille Johnson while she was a student at the Canadian County Education Center by Robert Roberson, an employee of the Canadian County Education Center. The Complaint asserts that

---

[1] The court file does not indicate that the Estate of Robert Roberson has been served with process in this matter, which was filed on May 20, 2009.

Camille Johnson was a minor at the time of the alleged abuse.  This matter is before the court on "Defendants, The Gary E. Miller Canadian County Children's Juvenile Justice Center, The Canadian County Education Center and Johnny [sic] Walters,[2] in his Official and Individual Capacities', Motion to Dismiss" filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  **[Doc. No. 10]**.  Plaintiffs filed a Response in Opposition to the dismissal motion and the defendants filed a reply brief, all of which the court has carefully considered.

Under Fed. R. Civ. P. 8(a)(2), the complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief."
In considering a motion for dismissal under Rule 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  <u>Beedle v. Wilson</u>, 422 F.3d 1059, 1063 (10th Cir. 2005).  In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007).  If the plaintiff fails to nudge its claims across the line from conceivable to plausible, the complaint must be dismissed.  <u>Id.</u>

A motion to dismiss under Rule 12(b)(1) may take two forms.  First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions

---

[2] The motion indicates that the proper spelling of this defendant's name is "Johnnie" Walters.  The caption is hereby amended to reflect this correction.

the sufficiency of the complaint.  Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).  In reviewing a facial attack on the complaint, the court accepts the allegations in the complaint as true.  Id.

Secondly, as here, a party may go beyond the allegations of the complaint and challenge the facts upon which subject matter jurisdiction is based.  Id. at 1003.  When reviewing a factual attack on subject matter jurisdiction, the court does not presume the truth of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  Id. (citation omitted).  In such a case, the court's reference to outside evidence does not convert the motion to a Rule 56 motion for summary judgment.  Id.

In this case, defendants argue that subject matter jurisdiction is lacking because plaintiffs' claims under Title IX and 42 U.S.C. § 1983 are time-barred under the applicable statute of limitations.  Specifically, defendants are making a factual attack on subject matter jurisdiction.  They have submitted the affidavit of Johnnie Walters, Director of Student Services for the Canadian County Education Center, and other school records, to demonstrate that the last date that Camille Johnson attended school at the Canadian County Education Center was May 18, 2007.  The affidavit also establishes that Camille Johnson's date of birth is March 27, 1990, and plaintiffs agree that Camille Johnson turned 18 on March 27, 2008.  It is undisputed that the complaint in this matter was filed on May 20, 2009.

Since defendants assert a two-year statute of limitations applies to plaintiffs' federal claims, these dates clearly have significance in the court's ruling on the dismissal motion. Pursuant to the above authorities, the court's reference to the evidence submitted by the defendants is proper in determining whether the federal claims are time-barred under the applicable statutes of limitation for these claims. The consideration of this evidence does not convert the motion to a motion for summary judgment under Rule 56.

Federal courts are courts of limited jurisdiction. The party seeking to invoke federal jurisdiction bears the burden of alleging and proving by competent evidence the facts necessary to support jurisdiction. United States ex rel. Holmes v. Consumer Insurance Group, 318 F.3d 1199, 1202 (10th Cir. 2003) (*en banc*). Federal law governs the accrual of a federal cause of action. Smith v. City of Enid, 149 F. 3d 1151, 1154 (10th Cir. 1998). A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Id. (citation omitted). Claims under § 1983 assert a violation of a federal right, and therefore the claims accrue when the plaintiff knows or should know that his or her rights have been violated. Id. However, a plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." Alexander v. Oklahoma, 382 F.3d 1206, 1216 (10th Cir. 2004). Nor must a plaintiff "know all of the evidence ultimately relied on for the cause of action to accrue." Baker v. Board of Regents of State of Kansas, 991 F.2d 628,

632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) (citation omitted). This test is an objective one, and focuses on "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." Alexander, 382 F.3d at 1216.

It is not disputed that the § 1983 claim in this action is governed by Oklahoma's two year statute of limitations for personal injury actions set forth in 12 O.S. § 95(A)(3). Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). There is no applicable federal statute of limitations for claims brought under Title IX, but federal courts routinely borrow the state statute of limitations applicable to personal injury for Title IX claims. Nunley v. Pioneer Pleasant Vale School District No. 56, 190 F.Supp. 2d 1263, 1263-64 (W.D. Okla. 2002) (citations omitted). Consistent with Tenth Circuit authority, a Title IX claim is properly characterized as an action for injury to personal rights and therefore the same two year statute of limitations in 12 O.S. § 95(A)(3) which applies to § 1983 claims in Oklahoma is applicable to a claim under Title IX as well. Id. at 1264.

Applying the two year statute of limitations to the federal claims brought pursuant to § 1983 and Title IX, defendants make the straightforward argument that these claims are inherently based on events occurring while Camille Johnson was actually attending the Canadian County Education Center and that since her last day of attendance was May 18, 2007, her Complaint filed on May 20, 2009 is

untimely and her federal claims are time-barred. The court agrees that the allegations of the Complaint support a finding that the federal claims against the named defendants had to have accrued at the time Camille Johnson was a student at the Canadian County Education Center. Though not a model of clarity, the Complaint alleges that the inappropriate and sexual relationship between Camille Johnson and Robert Roberson, the school employee, occurred while she was a student. Complaint, ¶ 23. The Complaint alleges that the defendants failed to make an appropriate system of review for sexual abuse allegations (¶ 41) and that defendants created or permitted an abusive school environment (¶ 46), again relying on events occurring while Camille Johnson was a student. Thus, the federal claims are time barred since they accrued prior to Camille Johnson's last date of attendance, *i.e.*, May 18, 2007, a date more than two years before the Complaint was filed.[3]

Plaintiffs impliedly concede the validity of this result since, in their response to the dismissal motion, their sole argument is that Oklahoma's "special statute for situations dealing with minors subjected to childhood abuse or exploitation" found at 12 O.S. § 95(A)(6) applies. Plaintiffs argue that under § 95(A)(6), claims grounded in sexual abuse have a two year statute of limitations from the date of

---

[3] The claims are also time barred under 12 O.S. § 96, Oklahoma's general tolling statute for persons under disability. Plaintiff was no longer a minor, and thus no longer under disability, once she reached the age of 18 years on March 27, 2008. Applying § 96, plaintiff would have had until March 27, 2009 to file this action. However, as noted, the Complaint in this lawsuit was not filed until May 20, 2009, more than one year after plaintiff reached the age of majority.

injury or from the time of reasonable discovery, and that the time for commencement of such an action is tolled until the minor reaches 18 years of age. As pointed out by defendants, however, this very argument was rejected by the Tenth Circuit in Blake v. Dickason, 997 F.2d 749, 750-51 (10th Cir. 1993). Relying on Supreme Court precedent, the court upheld the trial court's ruling that the complaint was time-barred since it was governed by the two-year residual personal injury statute rather than by a longer state statute applicable to sexual assaults against a child. Id. (*citing* Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed. 2d 594 (1989) (where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions). In the Nunley case from this district, discussed earlier and actually cited by the plaintiffs in their response brief, the court rejected the argument, identical to plaintiffs' here, that 12 O.S. § 95(A)(6) operates to toll the statute of limitations on § 1983 and Title IX claims until plaintiff reached 18 years of age, stating:

> The United States Supreme Court in Wilson v. Garcia [, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed. 2d 254 (1985)] specifically rejected the notion that the statute of limitation applicable to any given § 1983 claim should depend on the particular facts or precise legal theory, such as whether the federal law claim was most analogous to a state law claim for false arrest, assault, battery or personal injuries. 471 U.S. at 273-74, 105 S.Ct. at 1945, 85 L.Ed. 2d at 264-66. Thus, the fact that Plaintiff's § 1983 claim may be most analogous to a state law claim for childhood sexual abuse does not dictate that Okla. Stat. tit. 12, § 95[(A)](6) applies to Plaintiff's § 1983 action. Similarly, merely because Plaintiff's Title IX claim for sex discrimination in

7

an education program which receives federal financial assistance is predicated on sexual abuse does not dictate that Okla. Stat. tit. 12, § 95[(A)](6) is the statute of limitations applicable to Plaintiff's Title IX claim.

Nunley, 190 F.Supp. 2d at 1265, n. 1. In considering these authorities, the court has no difficulty in rejecting plaintiffs' argument for the application of 12 O.S. § 95(A)(6) in this case.

Accordingly, defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) **[Doc. No. 10]** is **GRANTED** on the grounds that plaintiffs' claims under 42 U.S.C. § 1983 and Title IX are time-barred under the applicable statute of limitations, as more fully set forth above. In light of this ruling, the court need not and does not consider defendants' motion for dismissal of the Complaint under Rule 12(b)(6) for failure to state a claim. Because plaintiffs' federal claims are dismissed, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. 28 U.S.C. § 1367(c)(3); Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996) ("Once a federal court dismisses claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over related state law claims."). This action is **DISMISSED.**

It is so ordered this 14th day of January, 2010.

*Tim Leonard*
TIM LEONARD
United States District Judge